UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yaakov Pfeiffer, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br><br><br>　　-v.-<br>Unifin, Inc.,<br>Cach LLC,<br>and John Does 1-25.<br>　　　　　　　　　　Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yaakov Pfeiffer (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Unifin Inc. (hereinafter "Defendant Unifin") and Defendant Cach LLC (hereinafter Defendant "Cach"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.　　Congress enacted the Fair Debt Collection Practices Act ("The FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the Plaintiff's residence.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as Defendants conduct business in this state as well as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

8. Plaintiff is a resident of the State of New York, County of Queens, residing at 2904 Westbourne Ave O, Far Rockaway, NY 11691-1647.

9. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8950 Gross Point RD, Ste 400, Skokie, Illinois 60077.

10. Defendant Cach is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4500 Cherry Creek Drive S, Ste #70, Denver, CO.

11. Upon information and belief, Defendants Unifin and Cach are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant Unifin sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Cach;

    d. which letter contained settlement offers to settle the underlying debt for a discounted amount;

    e. that were set to expire less than 30 days from the receipt of the letter, overshadowing the Plaintiff's validation rights;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, 1692g and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692f and § 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to February 18, 2019, an obligation was allegedly incurred to BANK OF AMERICA, N.A.

24. The BANK OF AMERICA, N.A. obligation arose out of a transaction involving an extension of credit, the proceeds of which Plaintiff used to purchase items primarily for personal, family or household purposes.

25. The alleged BANK OF AMERICA, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. BANK OF AMERICA, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant Cach the purported subsequent owner of the BANK OF AMERICA, N.A. debt contracted with the Defendant Unifin to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – February 18, 2019 Collection Letter*

29. On or about February 18, 2019, Defendant Unifin sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant Cach. See a true and correct copy of the Letter attached as Exhibit A.

30. The collection letter offers Plaintiff discounted settlement options if he makes payment within 30 days from February 18, 2019.

31. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, <u>within thirty days after receipt of the notice</u>, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

32. While the February 18, 2019 letter contains the requisite "G-Notice," it is completely overshadowed by expiring settlement offers in the letter.

33. Specifically, the letter only allows the Plaintiff less than 30 days to accept a settlement offer which overshadows the fact that Plaintiff has thirty (30) days from the date of receipt of the letter to dispute the debt and receive validation of the debt pursuant to the "G Notice."

34. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russel v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

35. Requiring payment to accept a settlement plan in the same letter with the "G Notice" is confusing because the least sophisticated consumer would believe he had less than a month to receive the discounted settlement offers, which overshadows his right to validate or dispute the debt under the Fair Debt Collection Practices Act.

36. Furthermore, even though the letter stated that an expired settlement offer can be renegotiated, the Defendants do not guarantee that the same offers from the letter will exist at this later stage.

37. Plaintiff sustained an imminent risk of harm in that he was provided with threats about an expiring settlement of the debt which prevented him from making reasonable decisions about whether to pay or dispute the debt.

38. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants violated said section by:

   a. Making a false and misleading representation in violation of §1692e(10).

43. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. Defendants violated this section by unfairly offering a settlement plan to Plaintiff which was only available for a period of time which was less than the thirty-day validation and dispute period provided to consumers under the FDCPA.

48. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 U.S.C. §1692g, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

52. Defendants violated this section by unfairly offering a settlement plan to Plaintiff which was available for less than thirty (30) days during the thirty-day validation and dispute period provided by the FDCPA.

53. The settlement offer which required the consumer to accept before the 30-day dispute period expired overshadowed Plaintiff's right to dispute the debt during the entire 30 day window.

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yaakov Pfeiffer, individually and on behalf of all others similarly situated demands judgment from Defendant Unifin and Defendant Cach as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 10, 2019      **STEIN SAKS, PLLC**

                /s/ Raphael Deutsch
                Stein Saks, PLLC
                Raphael Deutsch, Esq.
                285 Passaic Street
                Hackensack, NJ 07601
                (201) 282-6500
                (201) 282-6501 (fax)
                rdeutsch@steinsakslegal.com
                *Attorneys For Plaintiff*